UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KELLY H. WILSON and EARNEST D. COX,

             Plaintiffs,

     v.

CYNTHIA ZUBIATE and WILLIAM JORDAN,

             Defendants.

Case No. 14-cv-1032 VC (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

On March 5, 2014, Kelly H. Wilson and Earnest D. Cox, state prisoners, filed the present pro se prisoner complaint under 42 U.S.C. § 1983 together with motions to proceed in forma pauperis ("IFP"). On the same date the action was filed, the Clerk of the Court sent notices to Wilson and Cox informing them that their IFP applications were incomplete because they did not include certificates of funds in prisoner's account signed by an authorized officer at the prison and did not attach copies of their prisoner trust account statements showing transactions for the last six months. The Clerk sent Wilson and Cox blank IFP applications, including certificates of funds in prisoner's account forms and return envelopes. The notices stated that Wilson and Cox must return completed IFP applications or pay the filing fee within twenty-eight days of the date of the notice or their action would be dismissed. The completed IFP applications were due on April 2, 2014.

On March 14, 2014, Wilson filed a motion for fourteen additional days in which to file his completed IFP application because "the plaintiffs are on a lockdown and the counselors are not coming to work" because the correctional officers were receiving their annual tuberculosis shots. Although the Court did not rule on this motion, if it were granted, the plaintiffs' completed IFP applications were due on April 16, 2014.

On March 20, 2014, Cox filed another motion for leave to proceed IFP. However, he

again did not file the trust account documents.[1]  Also, on March 20, 2014, Wilson filed a notice of change of address in which he stated that he believed Cox was released from prison, but did not provide Cox's updated address.  Wilson also indicated that his prison counselor claimed that Wilson "still has $1.80 in his trust account" and refused to sign Wilson's IFP application.  On April 10, 2014, Wilson filed a second motion to proceed IFP, which again did not include the required trust account documents.

Wilson's statement that his counselor refuses to sign the IFP application is insufficient to excuse the filing of the required trust account documents.  Plaintiffs have been provided with more than sufficient time to file their completed IFP applications and have not done so.

Therefore, it is hereby ordered that this action is DISMISSED WITHOUT PREJUDICE.  The Clerk shall terminate all pending motions, and close the file.  If Wilson and Cox, either together or separately, file another complaint, they shall include with it a completed IFP application or the filing fee.

**IT IS SO ORDERED.**

Dated:   May 13, 2014

_____
VINCE CHHABRIA
United States District Judge

---

[1] On April 28, 2014, the Court's mail to Cox was returned as undeliverable.