UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY H. WILSON and EARNEST D. COX,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CYNTHIA ZUBIATE and WILLIAM JORDAN,<br><br>　　　　Defendants. | Case No. 14-cv-1032 VC (PR)<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM ORDER; REOPENING CASE AND DISMISSING COMPLAINT, IN PART, WITH LEAVE TO AMEND**<br><br>Doc. no. 18 |

On March 5, 2014, Kelly H. Wilson and Earnest D. Cox, state prisoners, filed the present pro se prisoner complaint under 42 U.S.C. § 1983 together with incomplete applications to proceed in forma pauperis ("IFP"). On May 13, 2014, the Court dismissed the action without prejudice due to the failure of Wilson and Cox to file completed in forma pauperis applications. On April 28 and May 27, 2014, Court mail that was sent to Cox was returned as undeliverable. On May 29, 2014, Wilson filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from the Order of Dismissal and an objection to the Order. Based on the reasons discussed below, the Court grants Wilson's motion for reconsideration, re-opens this action and dismisses the complaint, in part, with leave to amend.

**DISCUSSION**

**I. Motion for Relief from Order**

In his motion and objection, Wilson states that Cynthia Zubiate, a defendant in this action, is also the trust officer supervisor who fills out inmates' IFP applications and she has refused to complete his six month statement of funds in his prison trust account, which is the reason his IFP application is incomplete. Wilson has filed the other requirements for proceeding IFP.

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from an order where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.  See Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  The Court grants Wilson's motion for relief under Rule 60(b)(6).  Wilson has filed two of the required three forms to complete an IFP application and, given that a named defendant in this action also is in charge of completing Wilson's six-month trust account statement and allegedly refuses to do so, the Court excuses the filing of the six-month statement.  Therefore, the motion for reconsideration is granted, the Clerk of the Court shall re-open this case and Wilson's application to proceed IFP is granted in a separate order.  This decision, however, is subject to reconsideration if evidence is submitted showing that Wilson's allegation that Zubiate will not complete his six month statement of funds is not true.

The Court notes that, on two occasions, the Court's mail sent to Cox has been returned as undeliverable.  Pursuant to Northern District Local Rule 3-11 a party proceeding pro se must promptly file a notice of change of address while an action is pending.  *See* Civil L.R. 3-11(a).  The Court may, without prejudice, dismiss a complaint when: (1) mail directed to the pro se party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address.  *See* Civil L.R. 3-11(b).  On June 27, 2014, sixty days will have passed since the first date mail sent to Cox was returned as undeliverable.  Therefore, if Cox does not notify the Court of his current address by June 27, 2014, he will be dismissed as a plaintiff from this action.

Because Cox did not join in Wilson's motion for reconsideration, the Court now reviews, under 28 U.S.C. § 1915A(a), the allegations in the complaint pertaining to Wilson.

**II. Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a).

Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer*, 844 F.2d at 633.

**III. Wilson's Allegations**

Wilson, who is incarcerated at the Correctional Training Facility ("CTF"), names as Defendants CTF employees Cynthia Zubiate, Senior Accountant, and William Jordan, Associate Warden, Business Services.  The complaint, as it pertains to Wilson, alleges the following:

On June 15, 2013, Wilson was granted a service connected disability from the United States Department of Veterans Affairs ("USDVA") in the amount of $810 per month for post-traumatic stress disorder for his honorable military service in Vietnam.  "Defendants purported themselves to be holding powers of attorney" for Wilson by contacting the USDVA and accessing confidential information about Wilson.  Zubiate told Wilson that he was not entitled to service-connected compensation.  The complaint infers that Zubiate caused the withholding of Wilson's veteran's benefits.

Correctional Lieutenant Eric A. DaRosa, Directing Supervisor of the CTF Veterans Service Office, told Zubiate that she was violating federal regulations, but she ignored him.

Wilson seeks the return of past due amounts paid to him by the USDVA, including interest

and damages. He also seeks an injunction ordering the elimination of the practice of withholding incarcerated veterans' benefits.

In *Nelson v. Heiss*, 271 F.3d 891, 894 (9th Cir. 2001), the Ninth Circuit held that a prisoner could state a section 1983 claim for an alleged violation of 38 U.S.C. § 5301(a), the statute that protects veterans' benefits against their creditors so that the veterans themselves can spend those funds as they determine when they receive them. Therefore, the allegations that Zubiate withheld Wilson's veteran's benefits appear to state a cognizable section 1983 claim against her. However, the complaint does not include allegations implying that Jordan withheld Wilson's veteran's benefits. Therefore, Wilson's claim against Jordan is dismissed with leave to amend. Furthermore, if Wilson seeks an injunction eliminating the system-wide practice of withholding incarcerated veterans' benefits, the proper defendant would be Jeffrey Beard, the Secretary of the California Department of Corrections and Rehabilitation, not Zubiate or Jordan. *See id.* at 897 (plaintiff could state a claim against Secretary of Department of Corrections for system-wide injunctive relief). Therefore, the claim for system-wide injunctive relief is dismissed with leave to amend for Wilson to name the proper defendant.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Wilson's motion for relief from the Order of Dismissal is granted. Doc. no. 18. The Clerk of the Court shall re-open this case.

2. Wilson appears to state a section 1983 claim against Zubiate for violating 38 U.S.C. § 5301(a). Wilson's section 1983 claim against Jordan for violating 38 U.S.C. § 5301(a) is dismissed with leave to amend. Wilson's claim for system-wide injunctive relief is dismissed for failure to name the proper defendant.

3. Wilson may, but is not required to, file an amended complaint remedying the deficiencies noted above within twenty-one days from the date of this Order. If Wilson files an amended complaint, he should state specific factual allegations separately against each defendant. The amended complaint must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely

4

replaces the original complaint, Wilson must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of the claim against Jordan and the claim for system-wide injunctive relief.  The claim against Zubiate will go forward at that time.

    4. It is Wilson's responsibility to prosecute this case.  Wilson must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    5. This Order terminates docket no. 18.

**IT IS SO ORDERED.**

Dated:   June 11, 2014

_____
VINCE CHHABRIA
United States District Judge