UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KELLY H. WILSON and EARNEST D. COX,

Plaintiffs,

v.

CYNTHIA ZUBIATE and WILLIAM JORDAN,

Defendants.

Case No.  14-cv-1032 VC (PR)

**ORDER SERVING PLAINTIFF WILSON'S AMENDED COMPLAINT AND DISMISSING PLAINTIFF COX**

On March 5, 2014, Kelly H. Wilson and Earnest D. Cox, state prisoners at the Correctional Training Facility-Soledad ("CTF-Soledad"), filed the present pro se prisoner complaint under 42 U.S.C. § 1983 together with incomplete applications to proceed in forma pauperis ("IFP").  On May 13, 2014, the Court dismissed the action without prejudice due to the failure of Wilson and Cox to file completed in forma pauperis applications.  On May 29, 2014, Wilson filed a motion for reconsideration, which the Court granted on June 11, 2014.  *See* Doc. no. 20.

In the June 11, 2014 Order, the Court first noted that, on two occasions, the Court's mail sent to Cox was returned as undeliverable.  The Court cited Northern District Civil Local Rule 3-11, which provides that a party proceeding pro se must promptly file a notice of change of address when an action is pending and authorizes the Court to dismiss a complaint when mail has been returned as undeliverable and the Court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address.  *See* Civil L.R. 3-11(b).  On June 27, 2014, sixty days passed since the first date mail sent to Cox was returned as undeliverable and he has not informed the Court of his current address or communicated with the Court in any manner.  Therefore, Cox is dismissed as a plaintiff from this action.

In the June 11, 2014 Order, the Court found that the allegations in Wilson's complaint, that Cynthia Zubiate withheld Wilson's veteran's benefits, appeared to state a cognizable claim against her for violating 38 U.S.C. § 5301(a), the statute that protects veterans' benefits against their

creditors so that the veterans themselves can spend those funds as they determine when they receive them.  However, the Court found that the complaint failed to allege any facts showing that William Jordan violated this statute and it failed to name a proper defendant for the requested injunctive relief of eliminating the system-wide practice of withholding incarcerated veterans' benefits.  The Court granted Wilson leave to amend to remedy these deficiencies.

On June 30, 2014, Wilson filed a First Amended Complaint ("FAC") naming as defendants Zubiate, Jordan, M. Spearman, Warden of CTF-Soledad, and Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation.  The Court now reviews the FAC under 28 U.S.C. § 1915A(a).

## DISCUSSION

**II. Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a). Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer*, 844

F.2d at 633.

There is no respondeat superior liability under section 1983. *Lemire*, 726 F.3d at 1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).

### III. Wilson's Allegations

Wilson's FAC contains the following new allegations.

Jordan is the Acting Associate Warden of Business at CTF-Soledad and is responsible for the policy used by Zubiate to withhold Wilson's veterans' benefits checks. Jordan knew of and approved of Zubiate's allegedly illegal acts of withholding Wilson's veterans' benefits checks. *See* FAC, Ex. E (Jordan's April 28, 2014 memorandum to Wilson acknowledging he appointed Zubiate to "assist outside agencies in determining an inmate's eligibility" for veterans' benefits and approving Zubiate's actions). These allegations, if true, would show that Jordan knew of Zubiate's actions and did nothing to remedy them. Therefore, they appear sufficient to state a cognizable claim against Jordan for violating 38 U.S.C. § 5301(a). *See Nelson v. Heiss*, 271 F.3d 891, 894 (9th Cir. 2001) (prisoner could state a section 1983 claim for an alleged violation of 38 U.S.C. § 5301(a)).

Spearman, as the warden of CTF-Soledad, is responsible for all policies used by his subordinates. In a December 25, 2013 letter, Wilson informed Spearman of Zubiate and Jordan's allegedly illegal actions in violation of section 5301(a). *See* FAC, Ex. E. Spearman did nothing to correct this illegal activity. These allegations appear to state a cognizable claim against Spearman for violating section 5301(a).

Beard is the Secretary of the Department of Corrections and is responsible for the policies, rules and regulations used by the Department of Corrections. Beard has put into effect policies and regulations that violate 38 U.S.C. § 5301(a). These allegations appear to state a claim for

United States District Court
Northern District of California

3

injunctive relief against Beard, in his official capacity.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Wilson's  FAC appears to state a section 1983 claim for damages against Zubiate, Jordan and Spearman for violating 38 U.S.C. § 5301(a) and a claim for injunctive relief against Beard in his official capacity.

2.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the FAC (docket no. 24) and all attachments thereto and a copy of this Order and the Order Dismissing Complaint with Leave to Amend (docket no. 20) to Defendants Zubiate, Jordan and Spearman at CTF-Soledad and Beard at the California Department of Corrections and Rehabilitation in Sacramento.  The Clerk shall also mail a courtesy copy of the FAC with all attachments and a copy of this Order and the Order Dismissing Complaint with Leave to Amend to the State Attorney General's Office in San Francisco, and a copy of this Order to Wilson.

3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and FAC.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Wilson, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer or other responsive pleading before sixty days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for

4

1   waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

2          4.   The following briefing schedule shall govern dispositive motions in this action:

3                a.   No later than thirty days from the date the answer is due, Defendants shall file a

4   motion for summary judgment or other dispositive motion.  If Defendants file a motion for

5   summary judgment, it shall be supported by adequate factual documentation and shall conform in

6   all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case

7   cannot be resolved by summary judgment, they shall so inform the Court prior to the date the

8   summary judgment motion is due.  All papers filed with the Court shall be promptly served on

9   Wilson.

10          At the time of filing the motion for summary judgment or other dispositive motion,

11   Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th

12   Cir. 2012), and provide Wilson with notice of what is required of him to oppose a summary

13   judgment motion.

14                b.  Wilson's opposition to the motion for summary judgment or other dispositive

15   motion shall be filed with the Court and served on Defendants no later than twenty-eight days

16   after the date on which Defendants' motion is filed.

17          Before filing his opposition, Wilson is advised to read the notice that will be provided to

18   him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure

19   and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come

20   forward with evidence showing triable issues of material fact on every essential element of his

21   claim).  Wilson is cautioned that because he bears the burden of proving his allegations in this

22   case, he must be prepared to produce evidence in support of those allegations when he files his

23   opposition to Defendants' summary judgment motion.  Such evidence may include sworn

24   declarations from himself and other witnesses, and copies of documents authenticated by sworn

25   declaration.  Wilson will not be able to avoid summary judgment simply by repeating the

26   allegations of his FAC.

27                c.  Defendants shall file a reply brief no later than fourteen days after the date

28   Wilson's opposition is filed.

United States District Court
Northern District of California

1          d.  The motion shall be deemed submitted as of the date the reply brief is due.  No

2    hearing will be held on the motion unless the Court so orders at a later date.

3          5.  Discovery may be taken in this action in accordance with the Federal Rules of Civil

4    Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule

5    16 is required before the parties may conduct discovery.

6          6.  All communications by Wilson with the Court must be served on Defendants, or

7    Defendants' counsel once counsel has been designated, by mailing a true copy of the document to

8    Defendants or counsel.

9          7.  It is Wilson's responsibility to prosecute this case.  Wilson must keep the Court

10   informed of any change of address by filing a separate paper with the clerk headed "Notice of

11   Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so

12   may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

13   Procedure 41(b).

14         8.  Extensions of time are not favored, though reasonable extensions will be granted.  Any

15   motion for an extension of time must be filed no later than ten days prior to the deadline sought to

16   be extended.

17         9. Cox is dismissed as a plaintiff from this action.

18         **IT IS SO ORDERED.**

19

20   Dated:   July 9, 2014

21                                                          _____

22                                                          VINCE CHHABRIA
                                                           United States District Judge
23

24

25

26

27

28