UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY H. WILSON,<br>　　　　Plaintiff,<br>　　v.<br>CYNTHIA ZUBIATE, et al.,<br>　　　　Defendants. | Case No. 14-cv-01032-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 72 |

　　　1. The motion to dismiss the due process claim is denied. According to the complaint, Wilson received two checks for VA disability benefits, he was entitled to that money and therefore had a property interest in it, prison officials decided on their own that he wasn't entitled to the money, and they sent the checks back to the VA without ever notifying Wilson or giving him an opportunity to be heard. The defendants assert that prison officials contacted the VA before returning the checks and were told Wilson should not receive them. But the complaint doesn't allege that; it alleges the prison officials decided on their own that Wilson was not eligible. The defendants argue that Wilson must plead with particularity that prison officials *did not* consult with the VA before returning the checks, but a plaintiff need only state a plausible claim; a plaintiff is not required at the pleading stage to include further allegations to refute a defendant's denial of allegations that are already plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Ardente, Inc. v. Shanley*, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("[A] plaintiff has no obligation to plead facts in its complaint to rebut every defense that might be raised."). And it's plausible that prison officials returned the money on their own without consulting the VA, because the letter Wilson received from the VA about his benefits (which is incorporated by reference into the complaint and which prison officials screened before passing it on to him) strongly suggests he

was entitled to the money (as does federal law).  *See* 38 U.S.C. § 5313; 38 C.F.R. § 3.665.  And if that's what happened, it was a due process violation.  Under *Quick v. Jones*, 754 F.2d 1521, 1523-24 (9th Cir. 1985), prison officials must give prisoners an opportunity to be heard before taking their money away and giving it to someone else.  And the allegations in the complaint are close enough to the facts in *Quick* that qualified immunity is not warranted at the pleading stage.  Of course, the defendants are free to renew their qualified immunity argument at summary judgment after adducing evidence about what really happened.

2.  The motion to dismiss the claim that 15 CCR § 3140(b) is preempted by federal law is denied.  The regulation is ambiguous.  One possible interpretation is that it requires prison officials to consult with the relevant federal agency when a federal benefit payment arrives for a prisoner to confirm that the prisoner is indeed entitled to the payment.  Under this interpretation, the regulation would probably not be preempted, because it would not stand as an obstacle to the Congressional purpose of ensuring that disabled veterans (even incarcerated ones) receive their disability payments.  *See*, *e.g.*, 38 U.S.C. § 5301.  But the regulation does not require, by its terms, that any prison official actually confirm eligibility with the appropriate agency.  The regulation could be interpreted as allowing prison officials to conduct that determination themselves, while merely "notify[ing]" the agency.  15 CCR § 3140(b)(2).  Under this interpretation, the regulation would almost certainly be preempted, because it would interfere with the VA's ability to decide for itself about veterans' eligibility for benefits, as well as interfering with the Congressional purpose of ensuring that people don't take benefits away from veterans.  38 U.S.C. § 5301.  Therefore, the question whether the regulation is preempted depends on how the state implements it, which means the question can't be resolved at the pleading stage.[1]

3.  The motion to dismiss, on Eleventh Amendment grounds, the claim that 15 CCR § 3140 exceeds the scope of the Department of Corrections' regulatory authority under state law is granted.  There is an exception to Eleventh Amendment immunity for claims against state officials in their official capacity, when the claims seek prospective relief and when they allege an ongoing

---

[1] The defendants have not argued that Wilson has no preemption claim in light of *Armstrong v. Exceptional Child Center*, 135 S. Ct. 1378 (2015), so this question will be left for another day.

violation of "federal" law. *Virginia Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1639 (2011); *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645 (2002). "However, the amendment bars claims in federal court against state officials based on state law violations." *Air Transp. Ass'n of Am. v. Public Utilities Comm'n*, 833 F.2d 200, 204 (9th Cir. 1987). *See also Barrilleaux v. Mendocino Cnty.*, 61 F.Supp.3d 906, 914 (N.D. Cal. 2014).

    4. The motion to dismiss Wilson's claim under 42 U.S.C. § 1983 for a violation of 38 U.S.C. § 5301(a)(1) is denied in part and granted in part. The defendants contend Section 5301 does not apply to the conduct alleged in the complaint because the statute is aimed at preventing "creditors" from getting their hands on veterans' benefits. But the defendants cite no case – and the Court is aware of none – holding that Section 5301 serves *only* to protect benefits from "creditors." And the language of the statute is broader than that. It states that veterans' benefits are "exempt from taxation" and exempt from "attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary," as well as "exempt from the claim of creditors." 38 U.S.C. § 5301(a)(1). The defendants also contend the "process" referred to in Section 5301 is a formal process involving judicial authorization, which did not happen here. But the authority the defendants cite stands only for the proposition that 42 U.S.C. § 407(a) (the anti-attachment provision for social security benefits) requires a more formal process, and the Ninth Circuit has held that Section 5301(a)(1) "creates a significantly broader preclusion" than Section 407(a). *Gossett v. Czech*, 581 F.3d 891, 895 (9th Cir. 2009). Because the facts alleged in the complaint suggest that prison officials conducted a "seizure" of Wilson's money under a "process" established pursuant to regulation, Wilson has stated a claim for violation of the statute.

However, the language of Section 5301(a)(1) is not so clear as to make it obvious that the facts alleged by Wilson fall within the scope of the statute. In particular, it wouldn't be obvious to every reasonable prison official that the seizure of Wilson's money was pursuant to a "legal or equitable process." Nor has Wilson identified a case finding a violation of Section 5301 on facts similar to this one. Therefore, the claim for damages against the individual defendants under this statute is dismissed, because even taking the complaint's allegations as true, the individual

1    defendants cannot be said to have violated a clearly established right, meaning they are entitled to
2    qualified immunity.  *See*, *e.g.*, *City and Cnty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774-
3    75 (2015).  Only the claim for declaratory and injunctive relief against Beard in his official
4    capacity may go forward.

5.   The motion to dismiss Wilson's claim under 42 U.S.C. § 1983 for a violation of 38 U.S.C. § 5905 is granted, because that criminal statute does not give a private plaintiff a civil cause of action.  *See Bates v. Nicholson*, 398 F.3d 1355, 1362 (Fed. Cir. 2005) (describing Section 5905); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (describing test for deciding when a statute gives a private plaintiff a civil cause of action).

6.   As Wilson concedes, his state law tort claim for interference with prospective economic relations must be dismissed.  Dismissal is with prejudice as to Wilson; the Court declines to rule at this time on Wilson's request that a similar claim be allowed to go forward if another plaintiff is added to the case.

**IT IS SO ORDERED.**

Dated: July 13, 2015

_____
VINCE CHHABRIA
United States District Judge